IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRACE AKINLEMIBOLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 C 05291 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| PENNSYLVANIA HIGHER ) | |
| EDUCATION ASSISTANCE d/b/a ) | |
| AMERICAN EDUCATION ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Grace Akinlemibola ("Ms. Akinlemibola" or "plaintiff"), *pro se,* filed a seven-count First Amended Complaint against her student loan servicer, defendant Pennsylvania Higher Education Assistance d/b/a American Education Services ("PHEA" or "defendant"). PHEA moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim [14]. On August 2, 2016, this Court heard brief oral arguments on the motion to dismiss and allowed Ms. Akinlemibola to present her motion for summary judgment [17, 19]. For the reasons stated below, this Court grants defendant's motion to dismiss.

**Background**

The following facts from the First Amended Complaint are taken as true for the purpose of ruling on the motion before the Court. (*See* Dkt. 6). Ms. Akinlemibola has two private student loans serviced by defendant PHEA, one disbursed on May 16, 2006, and the other disbursed on January 2, 2007. Ms. Akinlemibola had different co-signers for each loan.

Plaintiff first requested and received a deferment of payments on the loans in 2012. In October 2015, she again submitted a request for deferment, seeking to suspend payments on the January 2, 2007, loan. In December 2015, she resubmitted a deferment application because PHEA

1

never applied a deferment to her account. In January 2016, Ms. Akinlemibola telephoned PHEA to inquire about her deferment request since she had received neither an approval nor a rejection of deferment from PHEA. (Dkt. 6 at ¶ 16). Plaintiff alleges that PHEA informed her during this conversation that the deferment would be applied to her account in two or three days.

In early May 2016, Ms. Akinlemibola discovered that all three credit reporting agencies contained negative reports regarding the loans. On May 10, 2016, Ms. Akinlemibola paid the entire past due balance of the loans because PHEA had not deferred the loans. On May 13, 2016, Ms. Akinlemibola telephoned PHEA and was informed that the wrong form may be listed on the website and that submission instructions were incorrect. PHEA then provided a different fax number for Ms. Akinlemibola to submit her deferment application.

The following day on May 14, 2016, PHEA sent Ms. Akinlemibola an example of the deferment form through PHEA's online "paperless inbox" system.[1] The new form altered the third information bullet to remove the clause, stating: "Any forbearance retroactively applied will not result in the retraction of any negative reports on your credit file." (Dkt. 6, Ex. C). The new form added a fourth bullet, stating: "If you use a deferment or forbearance, your eligibility may be delayed for, or you may be disqualified for any incentive programs that your lenders may offer, such as cosigner release, interest rate reductions and rebates. If you have any questions regarding your eligibility and how this may impact your account, please contact us…". (Dkt. 6, Ex. D). The forms are otherwise the same in the information that applicants are asked to provide. The fax number on the new form is the same as the fax number where plaintiff sent her application. The deferment application available on the PHEA website is the same as the one that plaintiff submitted. As of May 19, 2016, PHEA had not placed plaintiff's loans in deferment. Plaintiff attached copies of her deferment applications to the Complaint and therefore they are considered a part of the pleading.

---

[1] Plaintiff did not discover this message from PHEA until after she had filed the original complaint in this action.

Fed. R. Civ. P. 10(c).

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the Court accepts as true all well pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive dismissal, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While *pro se* complaints are liberally construed, *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011), a plaintiff may plead herself out of court by alleging facts that defeat the claim. *Atkins v. City of Chicago,* 631 F.3d 823, 832 (7th Cir. 2011).

**Discussion**

PHEA moves to dismiss plaintiff's entire First Amended Complaint for failure to state a claim. The seven-count First Amended Complaint alleges fraudulent and negligent misrepresentation based on PHEA allegedly providing an incorrect fax number, breach of contract, promissory estoppel, gross negligence, defamation, and tortious interference with a future business partnership.

There are several facts alleged in the complaint and incorporated in the attached deferment request forms that defeat all of plaintiff's claims. First, the form clearly states, "you will receive a letter indicating whether your request has been approved *or denied.*" Dkt. 6, Ex. B-E. The form also

clearly states, "It is important to continue to make payments until your alternative repayment option has been approved." *Id.* The complaint affirmatively shows that Ms. Akinlemibola understood that her request for deferment could be approved or denied. Dkt. 6 at ¶ 16. Ms. Akinlemibola does not assert that she ever received written notice that her deferment request had been approved. She also does not allege that she continued to make payments until her deferment request had been approved. Additionally, Ms. Akinlemibola's co-borrowers did not sign the deferment request as is required on the forms. Ms. Akinlemibola signed the forms herself, claiming that her co-borrower gave her permission to do so, and provided her own contact information in place of the co-borrower. Accordingly, PHEA made no guarantee that a deferment request would be approved, and the forms themselves are improperly completed.

To state a claim for misrepresentation, whether based on fraud or negligence, a plaintiff must allege sufficient facts to show that damage resulted from her reliance on the false statement. *See Quinn v. McGraw-Hill Cos.*, 168 F.3d 331, 335 (7th Cir. 1999) (quoting *Board of Education of City of Chicago v. A, C & S, Inc.,* 131 Ill. 2d 428, 546 N.E.2d 580, 137 Ill. Dec. 635 (Ill. 1989)). Ms. Akinlemibola cannot show any damage that resulted from PHEA allegedly providing an incorrect fax number since any damages she incurred were the result of her own non-payment of her loan obligations.

Ms. Akinlemibola likewise cannot show breach of contract since there was no contract formed simply by her submitting a loan payment deferment request where the servicer had the authority to approve or deny the request. *See Spitz v. Proven Winners N. Am., LLC*, 759 F.3d 724, 730 (7th Cir. 2014) (A breach of contract claim requires "a valid enforceable contract, plaintiff's performance, defendant's breach of the terms of the contract, and damages resulting from the breach.").

Similarly, plaintiff's promissory estoppel claim fails because she could not reasonably have

4

relied on the oral statement of customer service in the face of written representations on the deferment request that she must continue to make payments until PHEA provides written notice of approval of the request. *See Newton Tractor Sales, Inc. v. Kubota Tractor Corp.*, 233 Ill. 2d 46, 51, 906 N.E.2d 520, 523 (2009). As to her claim of defamation, Ms. Akinlemibola can show no false statement to credit reporting agencies, when she did not make payments on the loans as required. *See Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 607 N.E.2d 201 (1992). Lastly, the claim for tortious interference with a future partnership also fails. Such a claim requires more than the suggestion by her co-signer that he would "support" plaintiff if she started a business, PHEA must have known of the prospective business relationship and must have intended to interfere with the relationship. *See Interim Health Care of N. Illinois, Inc. v. Interim Health Care, Inc.,* 225 F.3d 876, 886 (7th Cir. 2000).

**Conclusion**

Based on the foregoing, this Court grants PHEA's Motion to Dismiss the Complaint [14]. Dismissal is with prejudice because amendment of the Complaint appears to be futile from the face of the pleadings and the attached deferment request applications.

IT IS SO ORDERED.

ENTERED:

Dated: August 9, 2016

_____
SHARON JOHNSON COLEMAN